## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TARIUS D. GANAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 15-cv-00784-SMY-PMF |
| | ) | |
| C/O ADAMSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Tarius Ganaway's motion for preliminary injunctive relief (part of Doc. No. 9, supplemented at Doc. No. 14). Ganaway is challenging the conditions of his confinement at Lawrence Correctional Center, alleging insufficient mattress/bedding, deliberate indifference to serious medical needs, and retaliation. At this time, plaintiff seeks an order directing the defendants to provide him with sheets, blankets, access to health care, removal from segregation, transfer to Illinois River, an appointment with an outside specialist, and protection from all officers at Lawrence. An evidentiary hearing was held on October 19, 2015.

In order to establish that he is entitled to a preliminary injunction, Ganaway must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further

than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a)(2).

Ganaway remains confined at Lawrence Correctional Center.   The testimony and materials on file show that, while his housing assignment has changed, he has not yet been provided with adequate bedding and has not received reasonable access to medical personnel for evaluation and treatment of symptoms from a persistent weeping rash.  Ganaway's problems began when he was housed in the prison's segregation unit.  In his current cell assignment (in 6 house, B wing) he has use of a better mattress.  He also managed to borrow a blanket.  He still needs at least one sheet and a state-issued blanket.  The rash first appeared on his back in June, 2015, when Ganaway was forced to sleep on a urine-soaked mattress without sheets or blankets. Ganaway's multiple efforts to obtain appropriate bedding and medical care through sick call and grievances have not been successful.

Ganaway has a fair likelihood of success on the merits of his Eighth Amendment claims. He does not have an adequate remedy at law.  Considering the change in seasons, his bedding remains insufficient to protect his body from unnecessary pain, irritation, and cold temperatures. While the itching accompanying Ganaway's rash has subsided, his back remains in horrible condition.  He requires medical attention and a treatment plan designed to provide pain relief and to promote healing of his skin.  A measure of injunctive relief is appropriate to avoid irreparable harm.  The defendants are correctional officers; neither is in a position to provide appropriate injunctive relief.

Ganaway has demonstrated that he is entitled to some of the relief he has requested.  He should be promptly escorted to the prison's health care unit for professional evaluation of the rash on his back by a (1) nurse practitioner who can prescribe medications or (2) a medical

doctor.  He should also be promptly escorted to the prison's property office or other appropriate location for distribution of one sheet and one blanket (at a minimum).

IT IS RECOMMENDED that ruling on plaintiff's motion for a preliminary injunction (part of Doc. No. 9, 14) be RESERVED.

IT IS FURTHER RECOMMENDED that Stephen Duncan, the warden at Lawrence Correctional Center, be added to this case as a defendant to Counts 1 and 2, in his official capacity, for the sole purpose of carrying out an order for injunctive relief.

If this recommendation is adopted, the Clerk should be directed to prepare notice and request for waiver of service of process for Stephen Duncan, consistent with Doc. No. 10, p. 13. A copy of the Complaint, a copy of the Court's screening order, and a copy of this Report should be served on Stephen Duncan.  The Court should also set a specific deadline for Stephen Duncan to respond to plaintiff's motion for a preliminary injunction prior to a final ruling.

SUBMITTED:  October 21, 2015  .

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

3